■ OMNI WORLD WIDE, LTD., et al., Appellants, v THEODORE J. MOYNAHAN, Respondent. — Order, Supreme Court, New York County (Ethel B. Danzig, J.), entered May 19, 1983, which denied the application of the petitioners to stay arbitration, is affirmed, with costs. ¶ Beare Brothers & Co., Inc. (Beare), is a security broker-dealer, investment banker, and a member of the New York Stock Exchange (NYSE). Omni World Wide, Ltd. (Omni) holds a controlling interest (90% of the stock) in Beare. Pursuant to a written employment agreement (Agreement), dated July 31, 1980, Omni and Beare, acting together, hired Theodore J. Moynahan (Moynahan) as a senior executive. This agreement was signed by Omni and Beare, as employers, and Moynahan as employee. Moynahan was dismissed at the end of June, 1982. ¶ Thereafter, in December, 1982, Moynahan filed with the NYSE for arbitration of claims against Beare relating to termination of his employment. By petition, brought in the Supreme Court, Omni joined with Beare to stay arbitration, upon the basis that, *inter alia,* (1) Omni did not agree to arbitrate, and that its presence is required for a complete adjudication; (2) Omni has equitable counterclaims under the Agreement which counterclaims should be litigated; and, (3) that, since Omni and Beare are Delaware corporations, there are issues concerning Delaware corporation law that should be litigated. Before the Omni/Beare petition could be disposed of, Moynahan joined Omni as a party respondent to the arbitration proceeding, by filing an amended statement of claim with NYSE. ¶ Special Term denied the petition and directed the parties to proceed to arbitration. In its memorandum decision, Special Term wrote, in pertinent part: "The NYSE accepted [Moynahan's] Amended Statement of Claim without objection in accordance with the intendment of its Constitution and Rules. This Court finds that there is such a substantial identity of interests between Omni and Beare and the issues arising under their Agreement with Moynahan, that Omni will not be prejudiced in arbitration." (Material in brackets added.) ¶ We agree with Special term. However, our dissenting brother would grant the petition as to Omni. The dissent argues that, even though Omni is an "approved person" under NYSE rules because it controls Beare, "[t]here is nothing in the rules whereby an 'approved person' agrees to arbitration before the Stock Exchange, and nothing in the agreement in suit provides for arbitration." This conclusion of the dissent overlooks the close connection that Omni has to this proceeding. Not only does Omni own 90% of Beare, it also *actively participated* in the negotiation of the employment agreement with Moynahan and *Omni* signed that Agreement in its own name. Furthermore, section 1 of article VIII of the constitution of NYSE provides for, *inter alia,* the arbitration of any controversy involving a nonmember, when such controversy

arises out of the business of a member corporation like Beare. A unanimous Court of Appeals, in *Matter of Dunay v Weisglass* (54 NY2d 25, 30-31), wrote: "such a clause in the Exchange constitution constitutes a written agreement to submit to arbitration before the Exchange. Moreover, its 'any controversy' language characterizes it as a broad rather than a limited arbitration clause". Since the instant controversy pertains to the firing of the president of a member firm, it cannot seriously be contended that this controversy does not arise out of Beare's business. Omni is subject to arbitration, as a result of the Moynahan employment agreement, which Omni negotiated and executed together with its almost wholly owned subsidiary Beare. Under the circumstances, we find that the effect of Omni's status as an "approved person" is academic to the issue of arbitration herein. Concur — Kupferman, J. P., Ross, Fein and Milonas, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would reverse the order appealed from insofar as it denies the motion of petitioner Omni World Wide, Ltd., to stay the arbitration before the New York Stock Exchange and would grant the motion as to petitioner Omni. Omni World Wide, Ltd., as parent corporation of petitioner Beare Brothers & Co., Inc., is an "approved person" under the rules of the Stock Exchange. There is nothing in the rules whereby an "approved person" agrees to arbitration before the Stock Exchange, and nothing in the agreement in suit provides for arbitration.